

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-23-2005

# Integral Res Ltd v. Istil Grp Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1054

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Integral Res Ltd v. Istil Grp Inc" (2005). *2005 Decisions.* Paper 204.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/204

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-1054

_____

INTEGRAL RESOURCES (PVT) LIMITED,
a Pakistani Corporation,

<u>Appellant</u>

v.

ISTIL GROUP, INC.,
a Delaware Corporation

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Civ. No. 03-cv-00904)
District Judge:   Honorable Gregory M. Sleet

_____

Argued September 29, 2005

Before:   RENDELL, FUENTES, and WEIS, <u>Circuit</u> <u>Judges</u>.

(Filed: November 23, 2005)

_____

Jeremy D. Frey, Esquire (ARGUED)
Matthew J. Hank, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia,  PA   19103

Sean Donahue, Esquire
Donahue & Associates
1625 Benjamin Franklin Plaza
One SW Columbia Street
Portland Oregon   97258

<u>Attorneys for Appellant</u>

Steven C. Berman, Esquire (ARGUED)
Keith A. Ketterling, Esquire
Stoll, Stoll, Berne, Lokting & Shlachter PC
209 Southwest Oak Street, 5th Floor
Portland, Oregon 97204

<u>Attorneys for Appellee</u>

_____

OPINION

_____

WEIS, <u>Circuit Judge</u>.

This appeal is from a judgment in favor of the defendant in a suit for tortious interference with a contract.  The primary issue is the choice of law to be used in resolving the dispute.  We agree with the District Court that the place where the conduct causing the injury occurred provides the applicable law.  We will affirm the judgment of the District Court.

In November 1995, plaintiff Integral Resources (PVT) Limited ("Integral"), a Pakistani corporation, entered into a contract with Progress, a corporation owned by the government of Ukraine.  The agreement provided that Integral would act as the exclusive commercial consultant to Progress in connection with its sale of battle tanks to the

2

Pakistani military. The contract further stated that the law of England would apply and any disputes would be resolved by arbitration.

In a complaint filed in the United States District Court for the District of Delaware, Integral alleged that, in 1992, defendant ISTIL Group, Inc. ("ISTIL"), wrongfully induced Progress to terminate the contract and transfer the work to Reventox Consulting Limited, a Cyprus corporation owned by ISTIL. Integral asserted causes of action in tortious interference with a contract and tortious interference with prospective contractual relations. ISTIL is chartered in Delaware, but has its principal place of business in Ukraine.

Integral contends that ISTIL's Ukrainian lawyer, Volodymyr Petryna, who also represented Progress, negotiated the termination of the contract and arranged for Reventox to be substituted. The case is rife with allegations of illegal payments to corporate and government officials in Ukraine, leading Integral to complain to the Ukrainian Attorney General.

The District Court denied ISTIL's motion for transfer pursuant to *forum non conveniens* and, after receipt of the parties' briefs on choice of law, determined that Ukrainian law applied.

Observing that the law of the forum dictates the rule of law to be applied in a conflicts case, the District Court held that Delaware applies the "most significant relationship test" of the Restatement (Second) of Conflicts of Laws. In Travelers

3

Indemnity Co. v. Lake, 594 A.2d 38 (Del. 1991), the Supreme Court of Delaware wrote, "the local law of the state which 'has the most significant relationship to the occurrence and the parties under the principles stated in § 6 [of the Restatement]' will govern the rights of litigants in a tort suit." Id. at 47 (quoting Restatement (Second) of Conflict of Laws § 145(1)).

After reviewing the factors discussed in section 6 of the Restatement, the District Court determined that in the circumstances here, the law of Ukraine should apply because the conduct causing the injury occurred in that country. The District Court also found that because the contract was negotiated and performed in Ukraine and Pakistan, those two countries were the places of injury. The site of incorporation and principal places of business factors were found to be neutral. The District Court also found that the policy considerations and other aspects cited in the Restatement favored the choice of Ukrainian law. The Court noted, "Neither party has argued that the court should apply Pakistani law."

Moving then to ISTIL's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court stated that Ukrainian law "does not recognize Integral's claim" of tortious interference with contract and prospective contract relations. Accordingly, ISTIL's motion to dismiss was granted because the complaint did not state a cause of action upon which relief could be granted.

Integral has appealed contending that the District Court erred in designating

4

the law of Ukraine as applicable and granting the 12(b)(6) motion to dismiss.

Preliminarily, we note that the grant of the 12(b)(6) motion hinges on the choice of law determination. Integral takes the position in its brief that "the law of the Ukraine does not recognize the torts set forth in the Complaint as causes of action." In its brief in support of its motion to dismiss, ISTIL argued, "Under the law of Ukraine, there is no common law claim for tortious interference with economic relations." Therefore, in the parties' view if Ukraine furnished the source of applicable law, the 12(b)(6) motion was properly granted.

Choice of law is a purely legal question which we review de novo. See Robeson Indus. Corp. v. Hartford Accident & Indem. Co., 178 F.3d 160, 164-65 (3d Cir. 1999) (citing General Ceramics Inc. v. Firemen's Fund Ins. Cos., 66 F.3d 647, 651 (3d Cir. 1995)). We also apply de novo review to a District Court's decision to grant a Rule 12(b)(6) motion to dismiss. Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005) (citing In re Adams Golf, Inc. Sec. Litig., 381 F.3d 267, 273 (3d Cir. 2004)).

Section 145 of the Restatement (Second) of Conflict of Laws provides that "[t]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6."

Section 6 identifies the following factors to be considered by a court in determining the applicable law:

5

"(a)    the needs of the interstate and international systems,

(b)    the relevant policies of the forum;

(c)    the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;

(d)    the protection of justified expectations;

(e)    the basic policies underlying the particular field of law;

(f)    certainty, predictability, and uniformity of result, and

(g)    ease in the determination and application of the law to be applied."

Id. at § 6.

Further, section 145 lists the following relevant contacts a court may consider when applying section 6:

"(a)    the place where the injury occurred;

(b)    the place where the conduct causing the injury occurred;

(c)    the domicile, residence, nationality, place of incorporation, and place of business of the parties; and

(d)    the place where the relationship, if any, between the parties is centered."

Id. at § 145.

6

In the District Court, Integral contended that the law of Delaware or England should be applied. Delaware is the state where ISTIL is incorporated, but it does not have its principal business office there. To overcome this minimal contact, Integral posits that Delaware has an interest in having its corporations act in accordance with the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-1, et seq. That statute, however, is a United States criminal statute, not particularly relevant to the policies underlying Delaware corporation law. We agree with the District Court that Delaware would have minimal, if any, interest in a private dispute between a Ukraine-based company and a Pakistan-based company over an agreement to be performed in those two countries.

According to Integral, Pakistan's law on torts is based on English common law and the Pakistan Civil Procedure Code requires Pakistani courts to enforce rulings and decrees of designated English courts. Integral contended in the District Court that "English law would be applied in the place where the injury occurred (Pakistan), the place where some of the conduct causing the injury occurred (Pakistan and the United Kingdom), where plaintiff is located (Pakistan) and the place where the relationship between Progress and Integral is centered (England). . . . Either Delaware or English law, but certainly not Ukrainian law, governs plaintiff's claims." (Integral Brief in the District Court at 21), A. 177.

For clarification, we observe that English law may, or may not, provide a rule of decision for Pakistani courts. Whatever the decision of a Pakistani court may be,

it is the ruling of a court of that country, not England. Integral cites section 44A of the 1908 Pakistani Civil Procedure Code, but that reference is inapposite, addressing as it does the enforcement of judgments originally entered in courts of the United Kingdom. That is quite different from the adoption of a rule of law issued by those courts.

Moreover, Pakistan's legal system is a combined system of common law and Islamic Sharia law. See Pakistani Constitution, Part IX, Art. 227(1) ("All existing laws shall be brought in conformity with the Injunctions of Islam as laid down in the Holy Quran and Sunnah, in this Part referred to as the Injunctions of Islam, and no law shall be enacted which is repugnant to such Injunctions."); U.S. Department of State, 2005 Investment Climate Statement–Pakistan, available at http://www.state.gov/e/eb/ifd/2005/ 43044.htm (noting that in Pakistan, "Commercial law follows British and British-Indian precedents").

Integral did not furnish the District Court or this Court with even a general summary of Pakistani tort law. In its brief to the District Court, Integral did not cite any Pakistani statute or court rulings establishing that country's interest in the tort of interference with contract.

Nor is it pertinent to the controversy before us that the contract required the application of English law and the resolution of disputes by arbitration in London. ISTIL is a stranger to that contract and is not bound by its terms on selection of law and remedy.

8

We are not persuaded that the record contains factual support for the selection of English law other than it recognizes the common law tort of interference with contractual relations. That is not enough.

Having lost in its choice of "English" law in the District Court, Integral now shifts its ground and contends that the District Court erred in failing to consider the other jurisdictions in accordance with Restatement sections 145 and 6, particularly Pakistan, which assertedly has a more significant relationship to the claim than the Ukraine. Integral's brief in the District Court on this point is confusing and the district judge justifiably interpreted it as not advocating adoption of Pakistani law.

The most significant relationship test of the Restatement provides that a court "should" consider all "interested states" and all "potentially interested states" in conducting a choice of law analysis. See Restatement (Second) of Conflict of Laws § 6, cmt. f ("In determining a question of choice of law, the forum should give consideration not only to its own relevant policies . . . but also to the relevant policies of all other interested states.") (emphasis added); Restatement (Second) Conflict of Laws § 145, cmt. e. Although the District Court could have considered whether Pakistan had the most significant relationship to the case, it was not bound to do so in the absence of an adequate presentation by Integral.

The District Court was not required to consider Pakistani law *sua sponte*. Obviously, a Restatement cannot dictate the duty of a federal district judge, a function

9

that is reserved for constitutional, statutory and judicial process. Moreover, the parties bear the burden of presenting the applicable law to the court. See Bel-Ray Co., Inc. V. Chemrite (Pty) Ltd., 181 F.3d 435, 440-41 (noting that "[t]he parties . . . generally carry both the burden of raising the issue that foreign law may apply in an action, and the burden of adequately proving foreign law to enable the court to apply it in a particular case."). It is in that light that the Restatement admonitions must be read.

On another tack, Integral asserts that Pakistan is the place of injury and that factor should predominate over the site of the tortious conduct. The argument is that Integral's principal place of business is in Pakistan and it is there that the loss of profits from interruption of the contract has the most impact. However, the complaint also seeks damages for loss of goodwill caused by the tortious interference, a detriment that would affect Integral in Ukraine. Integral's claim of the loss of a longstanding and profitable relationship with Progress speaks more to injury in the Ukraine than Pakistan. Therefore, injury would be felt in both countries, and thus the importance of the place of injury factor is diluted.

The harm factor's site is of lesser significance in tortious interference with contractual relations cases. The Restatement discusses the relative importance of the location of the pecuniary loss in analogous claims of unfair competition by false advertising and misappropriation of values. In these cases, the place of injury is less significant: "... [T]he principal location of the defendant's conduct is the contact that will

10

usually be given the greatest weight in determining the state whose local law determines the rights and liabilities that arise from false advertising and misappropriation of trade values." Restatement (Second) of Conflict of Laws, § 145, cmt. f.

Integral also contends that the District Court should have grouped the contacts with all of the states that recognize tortious interference with contractual relations–Delaware, Pakistan, Oregon (where ISTIL allegedly has a place of business) and England–together to determine which state had the most significant relationship. In support of this position, Integral cites a comment to Restatement section 145, which provides that "when certain contacts involving a tort are located in two or more states with identical local law rules on the issue in question, the case will be treated for choice of law purposes as if these contacts were grouped in a single state." Restatement (Second) of Conflict of Laws § 145, cmt. i.

The grouping argument must be viewed against the background of a bitter internal corporate dispute between ISTIL's two principal shareholders, a pending breach of contract arbitration proceeding in London between Integral and Progress, litigation before the Chancery Division of the High Court in London, and a prior suit in the Delaware District Court arising out of the intra-corporate struggle. Some of these events were battles in ISTIL's corporate civil warfare or the pending breach of contract litigation not involving the tort of interference with the Progress agreement.

Even if somehow these incidents were considered to be applicable contacts, they are so negligible as not to be helpful in the choice of law determination. As we have also pointed out, the evidence as to the content of Pakistani law that has been presented is inadequate to justify including that country in the group.

Integral also asserts that Ukrainian law should not be applied because the Ukrainian courts are corrupt and therefore are unsatisfactory venues. It offers no support for this argument other than an isolated sentence in an opinion of the Court of Human Rights in Strasbourg. We note first that the assertion is completely irrelevant to a case to be tried in Delaware. Furthermore, the Court of Human Rights opinion was delivered in French and no translation has been furnished to us or the District Court. Instead, Integral produced a press release which is hardly adequate for our review of the adverse comment in context.

Fundamental to Integral's approach to this case seems to be the theory that its choice to seek a common law cause of action somehow militates against applying the precepts of a civil law jurisdiction. If that is Integral's understanding, it is not correct. Phoenix-Canada Oil Co. v. Texaco, Inc., 842 F.2d 1466 (3d Cir. 1988), applied the code of a civil law country in connection with claims for breach of contract and in addition looked to Delaware law on certain phases of the case as well. In that case, we noted that although one issue (of many) might have been determined under the civil law, we found no reason to disturb the parties' choice of Delaware law as to that one phase. Id. at 1477,

12

n.4.

Ukraine is a civil law jurisdiction and therefore does not recognize common law causes of action as such. However, the record contains an affidavit from a Ukrainian lawyer to the effect that under the Ukrainian Law on Protection Against Unfair Competition, Integral might be eligible for some relief. According to the affidavit, that law provides that "it is illegal for a third-party to persuade a party to breach an existing contract through bribery or other offers of material reward. The wrongdoer can be required to indemnify the party that lost the benefit of the actual or potential conflict." A445. See also, Law of Ukraine, On Protection Against Unfair Competition, July 6, 1996, ch. III, art. 12, 20, 24 available in English at http://www.welcometo.kiev.ua/pls/ili/ilic.frame_law_result2.show?p_arg_names=law_id &p_arg_values=131 (making it unlawful for a party to instigate another business to abrogate a contract with a rival business and providing for civil damages to injured parties); Oleksandr Padalka and Igor Svechar, Ukraine, http://www.globalcompetitionreview.com/ear/52_ukraine.cfm (last visited November 14, 2005) (noting that under Ukrainian law, "Any person who has suffered a loss or damage as a result of unfair competition may recover pecuniary and moral damages by filing a civil lawsuit.").

Integral maintains that no remedy is available under Ukrainian law and has not commented on the lawyer's affidavit. We question whether the law of Ukraine denies

13

a remedy comparable to that of the common law, but the District Court was justified in accepting Integral's position that no such remedy was available.  The parties having agreed upon a (questionable) interpretation of the law in this private controversy, we find no reason to disturb it.  See Phoenix-Canada Oil Co., 842 F.2d at 1466.  That being so, it was proper to grant the motion under Fed. R. Civ. P. 12(b)(6).

Our review of the record persuades us that the plotting, conspiracy and machinations in this case as alleged by Integral occurred in Ukraine.  That country has the most significant contacts with this dispute and its law should govern the merits.

Accordingly, the Judgment of the District Court will be affirmed.